IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-41487-TLS |
| | ) | |
| LISA M. FLEMMER, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

On December 15, 2010, this court issued its Order (Fil.#63) directing the filing of sworn statements to supplement the record regarding the objection of Kubik Auto & Truck Service, Inc. (Fil. #55) to Debtor's amended Schedule F (Fil. #47). John T. Turco represents Debtor, and Jim Kubik appeared as the president of Kubik Auto & Truck Service, Inc. ("Kubik").

Debtor is indebted to Kubik in the amount of $751.50, plus costs and interest. At the hearing on December 15, 2010, it was established that the indebtedness was for services provided by Kubik approximately one year pre-petition. However, Debtor did not list the indebtedness to Kubik in her initial bankruptcy schedules. Kubik pursued a small claims court action against Debtor in Saunders County, Nebraska, and obtained a judgment on May 17, 2010. When Kubik attempted garnishment of her wages to collect the judgment, Debtor contacted her attorney who then filed an amended Schedule F to list the Kubik indebtedness, as well as the indebtedness to two other creditors. Kubik has objected to the amended schedule, essentially asserting that the indebtedness owed to Kubik should not be stayed by or discharged in this bankruptcy case since Debtor waited 14 months after bankruptcy filing to list the Kubik indebtedness.

Bankruptcy Rule 1009 provides that a debtor's schedules may be amended at any time before the case is closed. This rule is to be liberally construed, except in the case of bad faith on the part of the debtor or prejudice to creditors. *Kaelin v. Bassett (In re Kaelin)*, 308 F.3d 885, 889 (8th Cir. 2002).

Thus, the issue is whether bad faith or prejudice to Kubik is present and sufficient to support a denial of Debtor's right to amend her schedule of creditors. The record presented at the hearing was insufficient to make that determination. Thus, in light of the relatively small amount at issue and in order to save both parties time and expense, they were given the opportunity to provide additional evidence by sworn declaration. They have both now done so and this matter is ripe for decision.

Debtor asserts that she told Kubik about the bankruptcy in late 2009, but that she had always intended to pay the debt. For that reason (and apparently due to a misunderstanding of the bankruptcy laws), she did not initially include the debt in her schedules. The schedules were amended after Kubik obtained a judgement and commenced garnishment proceedings, prompting Debtor to seek help from her attorney. Kubik, on the other hand, says he did not become aware of the bankruptcy until it was mentioned at a small claims court hearing, but again Debtor expressed an intent to pay the debt. Despite Debtor's statement at the small claims court hearing that Debtor had previously filed bankruptcy, that court entered judgment in Kubik's favor.

      Based on the evidence submitted, I do not find any bad faith on the part of Debtor. Debtor was not trying to conceal this debt or conceal the bankruptcy from the creditor. Stated in its most simple terms, Debtor wanted to voluntarily pay this debt but was unable to do so. That is not bad faith.

      However, I do find that Kubik has been prejudiced by the actions of Debtor. Specifically, Debtor filed this Chapter 13 case on May 28, 2009. She intentionally did not include Kubik in her schedules because she planned to pay the debt outside of the bankruptcy. The deadline to object to the Chapter 13 plan was August 4, 2009, and the plan was confirmed on August 28, 2009. The deadline for filing a proof of claim and participating in any distributions under the plan was October 19, 2009. Debtor did not amend her schedules and provide formal notice of the bankruptcy to Kubik until July 22, 2010, well after the plan objection and claim filing deadlines. Kubik did not have the opportunity to participate in the plan confirmation process and did not have the opportunity to timely file a proof of claim to participate in any distributions to unsecured creditors.[1]

      IT IS ORDERED: Kubik's objection (Fil. #55) to amended schedule F is sustained, the automatic stay is annulled as to Kubik, and the indebtedness owed to Kubik shall not be discharged in this proceeding.

      DATED: January 6, 2011

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *John T. Turco
    *Jim Kubik
    Kathleen Laughlin
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1] This type of prejudice is recognized by § 1328(a)(2) which excepts from discharge debts of the kind specified in, among other sections, § 523(a)(3), which describes debts not scheduled in time to permit the *timely* filing of a proof of claim.